NO. 07-08-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FERUARY 2, 2009
______________________________


JOSEPH LYNN HARRIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18957-A; HON. HAL MINER, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Joseph Lynn Harris, filed notice of appeal from his conviction for delivery
of a controlled substance and accompanying sentence of seven years incarceration in the
Institutional Division of the Texas Department of Criminal Justice and $750 fine. The
certification of defendantâs right of appeal, executed by the trial court and signed by
appellant and his trial counsel, states that the case âis a plea-bargain case, and the
defendant has NO right of appealâ and "the defendant has waived the right of appeal." By
letter dated January 9, 2009, we notified appellant of this certification and informed him
that the appeal is subject to dismissal based on the certification unless, by January 30,
2009, we were provided an amended certification illustrating that he has the right to appeal
or appellant demonstrates other grounds for continuing the appeal. 
Â Â Â Â Â Â Â Â Â Â On January 14, 2009, appellantâs appointed counsel notified this court that, upon
review of the plea proceedings, this case was a negotiated plea bargain in which appellant
was sentenced in accordance with the plea agreement. Further, the trial court did not give
appellant the right to appeal any outstanding issue nor were there any pretrial motions
previously ruled upon by the trial court. Accordingly, we must, and do, dismiss the appeal. 
Tex. R. App. P. 25.2(d); See also Chavez v. State, 183 S.W.3d 675, 680 (Tex.Crim.App.
2006) (we must dismiss prohibited appeal without further action).


Mackey K. Hancock

Justice

Â Â Â Â Â Â Â Â Â Â Â Do not publish.



me="Medium Shading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00299-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



JUNE
16, 2010

Â 



Â 

VERDELL PRICE, JR., APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

Â 

NO. 2008-421,477; HONORABLE CECIL G. PURYEAR, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant Verdell Price, Jr. appeals
from his conviction, on an open plea to the court, of the offense of possession with intent to deliver a
controlled substance and the resulting sentence of twenty-five years
confinement in the Institutional
Division of the Texas Department of Criminal Justice. Appellant's attorney has
filed a brief in compliance with Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
In re Schulman, 252 S.W.3d 403
(Tex.Crim.App. 2008). Agreeing with
appointed counsel's conclusion the record fails to show any arguably
meritorious issue that could support the appeal, we affirm the trial court's
judgment.

Â Â Â Â Â Â Â Â Â Â Â  In
November 2008, appellant was indicted for the offense of possession with intent
to deliver cocaine in an amount less than four grams but more than one gram.[1]
The indictment also contained two enhancement paragraphs, setting forth
appellantÂs prior felony convictions for forgery.[2]Â  In August 2009, appellant entered a guilty
plea to the charge as indicted and entered a plea of ÂtrueÂ to the first
enhancement,[3] without a plea
agreement.Â  On that same day, appellant
appeared before the trial court for a punishment determination.

Â Â Â Â Â Â Â Â Â Â Â  The
trial court admonished appellant, ensured his plea was entered knowingly, freely, and voluntarily, and
explained the range of punishment applicable to this case.Â  The State called a Lubbock police officer,
who testified to the circumstances that led to the discovery of a small plastic
film case under the driverÂs seat of a vehicle appellant was driving.Â  The case held nineteen small rocks, each rock
individually wrapped in plastic wrap.Â  A
forensic scientist testified the substance tested positive for cocaine and
weighed 3.10 grams.

Â Â Â Â Â Â Â Â Â Â Â  The
State also introduced evidence of appellantÂs prior criminal history, including
the two forgeries listed in the indictment, as well as appellantÂs prior
convictions for assault and aggravated robbery.

Â Â Â Â Â Â Â Â Â Â Â  Following
the testimony, evidence, and arguments by counsel, the court assessed
punishment against appellant at confinement for a term of twenty-five
years.Â  Appellant timely filed notice of
appeal.

Thereafter, appellant's appointed appellate counsel filed
a motion to withdraw and a brief in support pursuant to Anders
in which she certifies that she has diligently reviewed the record and, in her
professional opinion, under the controlling authorities and facts of this case,
there is no reversibleÂ error or legitimate grounds on which a
non-frivolous appeal arguably can be predicated. The brief discusses the
procedural history of the case, appellant's plea of
guilty, and the hearing concerning appellant's punishment. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on appellant, and
that counsel has advised appellant of his right to review the record and file a
pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to
submit a response to the Anders brief and motion to
withdraw filed by his counsel. Appellant has filed a response,
and a further amendment to his response, both of which have been considered by
the Court.

In conformity with the standards set out by the United
States Supreme Court, we will not rule on the motion to withdraw until we have
independently examined the record. Nichols v. State, 954 S.W.2d 83,
86 (Tex.App.--San Antonio 1997, no pet.).
If this Court determines the appeal has merit, we will remand it to the trial
court for appointment of new counsel. See Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Because appellant entered an open plea of
guilty, he waivedÂ any non-jurisdictional defects, other than the
voluntariness of his plea, that occurred before entry of
the plea so long as the judgment of guilt was rendered
independent of, and is not supported by, the alleged error. Young v. State, 8 S.W.3d 656,
666-67 (Tex.Crim.App. 2000). Thus, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of appellant's plea,
potential error occurring before appellant's plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea. Id.Â Â  

We note first that there is nothing in the record that
supports existence of a jurisdictional defect. Second, as noted in counsel's
brief, the record reflects the trial courtÂs compliance with the admonishment
requirements of article 26.13 of
the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 26.13(b) (Vernon 2007). Â The trial court thoroughly admonished
appellant on the record prior to accepting his open plea of
guilty. Appellant indicated his understanding of each admonishment. The record
reflects that appellant also signed and submitted written plea
admonishments that included waivers, admonitions, and a judicial confession
that the trial court ensured was entered freely, voluntarily and knowingly. See Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon 2007). Counsel
concludes the record supports no arguably meritorious point of error with
regard to the voluntariness of appellantÂs plea of guilty. We agree.

In reaching this conclusion, counsel notes the possibility
that appellant might argue he received ineffective assistance of counsel. See
Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of
counsel).Â  Appellant raises a similar
issue. The record includes appellantÂs written agreement that he was satisfied
with his legal representation and fully discussed the case with his
attorney.Â  We agree with counsel that the
record contains no support for a contention of ineffective assistance of
counsel.

Â Â Â Â Â Â Â Â Â Â Â  Our
review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to
determine whether there are any arguable grounds which might support the
appeal. We agree it presents no arguably meritorious grounds for review.
Accordingly, we grant counsel's motion to withdraw[4]
and affirm the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Do not publish.











[1]
See Tex. Health
& Safety Code Ann. Â§ 481.112(c) (Vernon 2003).Â  This is a second degree felony punishable by
imprisonment for any term of not more than twenty years or less than two years
and a fine not to exceed $10,000.Â  Tex.
Penal Code Ann. Â§ 12.33 (Vernon 2003).

Â 





[2]Â Â  AppellantÂs punishment was subject to
enhancement under Penal Code section 12.42 to a term of imprisonment of not
less than five years or more than 99 years and a fine not to exceed $10,000.Â  See Tex.
Penal Code Ann. Â§ 12.42 (Vernon 2003). 

Â 





[3] The
second enhancement paragraph was waived by the State.





[4] Counsel shall,
within five days after the opinion is handed down, send her client a copy of
the opinion and judgment, along with notification of the defendantÂs right to
file a pro se petition for
discretionary review.Â  See Tex. R. App. P. 48.4.Â